**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES, | No. CR 97-40012 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 57] |
| DONALD RAYON VINING, | |
| Defendant. | |

Before the Court is defendant's letter dated September 17, 2008 [Docket No 57] requesting re-sentencing. According to the docket, on October 21, 1997, defendant entered a plea to one count of violating 18 U.S.C. § 1344, bank fraud, and was sentenced to 14 months of custody, 4 years supervised release, a $50 special assessment, and $14,930 in restitution. Docket Nos. 35-36. On July 22, 1999, defendant's supervised release was revoked, and he was sentenced to eight months of custody. Docket No. 53. On September 18, 2008, defendant filed the letter before the Court, which requests re-sentencing, because he is "seeking employment with the Military Sealift Command and in accordance with their hiring procedures; I must have been sentenced to no loner [sic] than 12 months and 1 day." Docket No 57.

The Court notes defendant is out of custody, and thus may not request habeas corpus relief under 28 U.S.C. §§ 2241 or 2255. Further, as defendant waited more than one year to make his request, if it applied to the facts of this matter, Federal Rule of Criminal Procedure 35 would be unavailable to defendant. Likewise, as no clerical error appears implicated, Federal Rule of Criminal Procedure 36 also appears unavailable. The Court thus DENIES defendant's request without

///
///
///
///

1  ///

2  prejudice.  If defendant identifies legal grounds for the Court to consider re-sentencing him, he may
3  file a motion to do so.

4

5     IT IS SO ORDERED.

6
7     September 30, 2008                        _____
                                                Saundra Brown Armstrong
8                                               United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28